UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James S. Hayles, Jr., | Case No. 2023-cv-63 |
| Plaintiff, | |
| | Judge Edmond E. Chang |
| v. | Magistrate Judge Young B. Kim |
| AT&T Corp., | |
| Defendant. | |

**INITIAL STATUS REPORT**

Defendant, AT&T Mobility Services LLC ("AT&T Mobility"), incorrectly named as "AT&T Corp." or "AT&T," submits the following Initial Status Report. On January 19, 2023, the undersigned attorney for AT&T Mobility emailed a draft Joint Initial Status Report to *pro se* Plaintiff, James S. Hayles ("Hayles"), asking him to advise the undersigned by January 25 whether he had edits to the draft and/or whether he agreed to the draft as written. Hayles did not contact the undersigned on or before January 25. At 8:32 AM on January 26, the undersigned attorney for AT&T Mobility left a voicemail message for Hayles advising him that if she did not hear from him by 1:00 PM, she would file an Initial Status Report on behalf of AT&T Mobility only. As of the filing of this Initial Status Report, Hayles has not contacted the undersigned attorney for AT&T Mobility. Wherefore, AT&T Mobility submits the following Initial Status Report:

1. **Nature of the Case**

   a. James S. Hayles
      7226 W. Belden Avenue
      Unit B
      Elmwood Park, Illinois 60707
      708-654-1060

1

> jshayles@yahoo.com
> *Pro Se*
>
> Christy Phanthavong
> Jackie V. Iannicelli
> Bryan Cave Leighton Paisner LLP
> 161 N. Clark Street
> Suite 4300
> Chicago, Illinois 60601
> 312-602-5000
> christy.phanthavong@bclplaw.com
> jackie.iannicelli@bclplaw.com
> *Attorneys for AT&T Mobility Services LLC, incorrectly named as "AT&T Corp" or "AT&T"*

b. This Court has original jurisdiction over Hayles' claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"). This Court also has diversity jurisdiction over this matter because the proper defendant AT&T Mobility is a citizen of Delaware and Georgia and, upon information and belief, Hayles is a citizen of Illinois, and the amount in controversy exceeds $75,000.

c. Hayles claims that AT&T Corp. harassed, disciplined, and discharged him because of his age in violation of the ADEA.

d. AT&T Corp. did not employ Hayles. AT&T Mobility, a separate legal entity, employed Hayles.

e. The major legal and factual issues in this case include: (1) whether Hayles can state a claim against AT&T Corp.; (2) whether Hayles has exhausted his administrative remedies; (3) whether Hayles' claim is barred in whole or in part by the applicable statute of limitations; (5) whether Hayles can establish a claim of age discrimination; (5) whether Hayles can establish a claim for liquidated damages; (6) whether Hayles' claim for damages is barred or subject to reduction due to inability to work and/or failure to mitigate damages.

f. Hayles seeks $500,000.

2. **Pending Motions and Case Plan**

   a. Hayles served process on "AT&T Corp.," which is the incorrect defendant because AT&T Corp. did not employ Hayles. AT&T Mobility employed Hayles. On January 19, 2023, AT&T Mobility requested that Hayles file an amended complaint by February 2, 2023 naming his employer as the correct defendant. Hayles has not responded to this request.

    b. On January 11, 2023, AT&T Mobility filed a Motion for Extension of Time seeking an extension of time to February 11, 2023 to answer or otherwise plead to the Complaint (assuming Hayles does not file an amended complaint before that time).

    c. AT&T Mobility proposes the following discovery plan:
        i. AT&T Mobility anticipates needing discovery on Hayles' claim, defenses to Hayles' claim, and damages. Discovery will include written discovery (requests to admit, interrogatories, requests to produce, etc.), oral depositions of the parties and key witnesses, and third-party subpoenas.
        ii. Rule 26(a)(1) disclosures must be served by March 1, 2023.
        iii. First-set of written discovery requests must be served by April 1, 2023.
        iv. Fact discovery to be completed by August 1, 2023.
        v. AT&T Mobility does not anticipate that there will be expert discovery.
        vi. Dispositive motion must be filed by October 1, 2023.

    d. AT&T Mobility does not request a jury trial. The probable length of a bench trial is four days.

    e. AT&T Mobility agrees to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

**3. Consent to Proceed Before a Magistrate Judge**

    a. AT&T Mobility does not consent to proceed before a Magistrate Judge.

**4. Status of Settlement Discussions**

    a. Settlement discussions have not occurred.

    b. AT&T Mobility does not request a settlement conference at this time.

Dated: January 26, 2023

                                              Respectfully Submitted,

                                              /s/ Jackie V. Iannicelli
                                              Christy Phanthavong
                                              Jackie V. Iannicelli
                                              Bryan Cave Leighton Paisner LLP
                                              161 N. Clark Street
                                              Suite 4300
                                              Chicago, Illinois 60601
                                              312-602-5000
                                              christy.phanthavong@bclplaw.com
                                              jackie.iannicelli@bclplaw.com

*Attorneys for AT&T Mobility Services LLC, incorrectly named as "AT&T Corp" or "AT&T"*

Case: 1:23-cv-00063 Document #: 9 Filed: 01/26/23 Page 4 of 5 PageID #:51

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 26, 2023, a copy of the **Initial Status Report** was served via email and U.S. mail, proper postage prepaid, upon:

James S. Hayles, Jr.
7226 W. Belden Avenue
Apartment B
Elmwood Park, Illinois 60707
jshayles@yahoo.com

/s/ Jackie V. Iannicelli
Jackie V. Iannicelli